ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RICHARD CHARLES BROWN WOOD Y MARICARMEN GIANATI MEDINA<br><br>Apelados<br><br>v.<br><br>COSTA ISABELA PARTNERS INC. Y OTROS<br><br>Apelantes | KLCE202400948 | *Certiorari* **acogido como APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2021CV01546<br><br>Sobre: Difamación, Libelo, Calumnia, Invasión a la Privacidad e Intimidad, Violación de Derechos Civiles y Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Ortiz Flores y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 22 de agosto de 2025.

Comparecen Royal Isabela, Inc.; Costa Isabela Partners, Inc.; Miguel Machado, la Sociedad Legal de Gananciales compuesta por él y su esposa Erika Román Soto; y Costa Isabela Master Association (en conjunto, parte apelante), mediante un *Recurso Apelativo,* para solicitarnos la revisión de la *Sentencia Parcial,* emitida y notificada el 1 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla.[1] Mediante el referido dictamen, el tribunal de instancia desestimó una reconvención incoada por la parte apelante.

Por los fundamentos que expondremos, se *revoca* la *Sentencia Parcial* apelada.

I

El caso del título ha tenido múltiples procesos apelativos, por lo que adoptamos por referencia los hechos que surgen de los

---

[1] Apéndice del recurso, a las págs. 130-137.

Número Identificador
SEN2025_____

recursos previos,[2] y nos circunscribiremos a aquellos detalles atinentes a la controversia ante nuestra consideración.

Según se desprende de los autos, la acción del título nació cuando, el 19 de diciembre de 2021, Richard Charles Brown Wood y Maricarmen Gianati Medina (en conjunto, parte apelada) presentaron una *Demanda* sobre daños y perjuicios en contra de la parte apelante, así como otras partes desconocidas.[3]

En respuesta, el 28 de julio de 2022, la parte apelante presentó *Contestación a Demanda y Reconvención*.[4] En lo relativo a la reconvención, incoó dos (2) causas de acción, una por difamación y la otra por daños, por los cuales, peticionó una suma no menor de $1,000,000.00 dólares, así como costas, gastos, honorarios de abogado y daños punitivos.

Así las cosas, el 8 de septiembre de 2022, la parte apelada presentó su *Contestación a Reconvención*.[5] En términos generales, negó las alegaciones en su contra y presentó defensas afirmativas. A su vez, solicitó que se desestimara la reconvención, se le impusiera a la parte apelante honorarios de abogado por temeridad y frivolidad y reiteró lo solicitado en su demanda.

Luego, el 11 de enero de 2023, la parte apelada presentó una *Demanda Enmendada*.[6] La finalidad de dicha enmienda fue para incluir como partes demandadas al Municipio de Isabela; su alcalde; Miguel E. Méndez Pérez; el capitán de la policía municipal, Juan E. Castillo Aldarondo; y el investigador de la policía municipal, Anthony Nieves Hernández.

---

[2] Véanse los alfanuméricos: KLCE202200824, KLCE202300609, KLCE202300621, KLCE202301074, KLAN202300910 y KLCE202400850, KLCE202401195. Además, se encuentra ante la consideración de este Tribunal el recurso KLCE202401103 consolidado con KLCE202401206.
[3] Apéndice del recurso, a las págs. 1-12.
[4] *Íd.*, a las págs. 13-28. Véase, además, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 54.
[5] Apéndice del recurso, a las págs. 29-33.
[6] *Íd.,* a las págs. 34-55.

En reacción, el 22 de junio de 2023, la parte apelante presentó una *Contestación a Demanda Enmendada* a la cual le incluyó defensas afirmativas y una reconvención.[7] En lo relativo a la reconvención, específicamente, expresó que "[s]e incorporan por referencia todas las alegaciones que se incluyeron e hicieron en la reconvención que obra en la entrada número 54 de SUMAC".[8] Además, repitió su solicitud para que se declarara no ha lugar la demanda y ha lugar su reconvención, junto con la correspondiente imposición de costas, gastos y honorarios de abogado.[9]

Meses más tarde, el 18 de enero de 2024, ocurrieron dos (2) eventos procesales. El *primer* evento fue que la parte apelada presentó una *Moción para añadir parte bajo la Regla 11 y para sustituir el nombre ficticio de una Aseguradora de nombre desconocido.*[10] En esta, expresó, en síntesis, la necesidad de enmendar la *Demanda* para sustituir el nombre ficticio de una aseguradora de nombre desconocido por el de Universal Insurance Company (Universal). Por otro lado, el *segundo* evento fue que la parte apelada presentó una *Segunda Demanda Enmendada.*[11] En esta, esencialmente, reprodujo las alegaciones y pedimentos de su primera *Demanda Enmendada*, y tal cual adelantado, el nombre de la aseguradora de nombre desconocido quedó sustituido por Universal.

En reacción, el 11 de junio de 2024, la parte apelante presentó *Contestación a Segunda Demanda Enmendada*,[12] a la cual le incluyó una *Reconvención.*[13] Nuevamente, en lo relativo a la reconvención

---

[7] Apéndice del recurso, a las págs. 56-74.

[8] *Íd.*, a la pág. 74. Véase, además, SUMAC TPI, a la Entrada Núm. 162.

[9] Tras examinar los autos ante la consideración de este Tribunal, no se desprende que la parte apelada haya replicado a la reconvención presentada junto a la contestación a la demanda emendada.

[10] Apéndice del recurso, a las págs. 75-76. Véase, además, SUMAC TPI, a la Entrada Núm. 228.

[11] Apéndice del recurso, a las págs. 77-88. Véase, además, SUMAC TPI, a la Entrada Núm. 228.

[12] Apéndice del recurso, a las págs. 99-119.

[13] *Íd.*, a las págs. 118-119.

esbozó que "[s]e incorporan por referencia todas las alegaciones que se incluyeron e hicieron en la reconvención que obra en la entrada número 54 de SUMAC."[14]

Por otro lado, ese mismo 11 de junio, la parte apelada presentó una *Moción en Solicitud de Anotación de Rebeldía*, con el fin de que se le anotara la rebeldía a Universal.[15]

En respuesta, mediante *Orden*, notificada el 14 de junio de 2024,[16] el foro primario dispuso lo siguiente:

> Enterado de Contestación [a] Demanda, Defensas Afirmativas y Reconvención de entrada 54 [SUMAC]. Ver [R]esolución sobre entrada 249 en que se anota [la] [r]ebeldía a Universal Insurance Co.[17]

Posteriormente, el 24 de junio de 2024, el tribunal de instancia notificó *Orden*, en la cual dejó sin efecto la anotación de rebeldía en contra de Universal.[18]

De lo que sigue, el 21 de junio de 2024, la parte apelada presentó su *contestación a reconvención en contestación a segunda demanda enmendada*.[19] En el escrito, negó las alegaciones y presentó sus defensas afirmativas. Además, solicitó al foro *a quo* que declarara no ha lugar la reconvención y, en consecuencia, la desestimara en todas sus partes, y que se le impusiera a la parte apelante honorarios de abogado por temeridad y frivolidad.

En respuesta, el 1 de julio de 2024, el foro de instancia emitió la *Sentencia Parcial* apelada.[20] En el referido dictamen, el TPI desestimó la reconvención instada por la parte apelante el 11 de junio de 2024, con perjuicio. En su dictamen, el foro *a quo* concluyó, en síntesis, que la reconvención fue instada en exceso del término, sin haberse acreditado ni existir justa causa.[21]

---

[14] Apéndice del recurso, a la pág. 119. Véase, además, SUMAC TPI, a la Entrada Núm. 250.
[15] SUMAC TPI, a la Entrada Núm. 249.
[16] Apéndice del recurso, a las págs. 120-121.
[17] *Íd.*, a la pág. 120.
[18] *Íd.*, a la pág. 122.
[19] *Íd.*, a las págs. 123-129.
[20] *Íd.*, a las págs. 130-137.
[21] *Íd.*, a la pág. 136.

Insatisfecha con lo resuelto, el 16 de julio de 2024, la parte apelante presentó una *Moción solicitando reconsideración de Sentencia Parcial.*[22] Adujo que de los autos del caso se desprendía que la reconvención fue presentada el 28 de julio de 2022, cuando se presentó la contestación a la demanda original en la Entrada Núm. 54 del SUMAC TPI. Esbozó que, subsiguientemente, en la contestación a la primera y segunda demanda enmendada, hizo referencia para incorporar la reconvención instada y aceptada por el foro *a quo*. Negó que la reconvención hubiese sido presentada por primera vez el 11 de junio de 2024. Solicitó que se reinstalara la reconvención presentada, más aún cuando las demandas enmendadas únicamente tuvieron la finalidad de traer otras partes al pleito y en nada cambiaron las reclamaciones contra la parte apelante.

En esa misma fecha, la parte apelada presentó su *Oposición a moción de reconsideración de Sentencia Parcial.*[23] En su escrito coincidió con el tribunal de instancia en que la reconvención fue presentada fuera de término, sin permiso del foro apelado y en ausencia de justa causa. A tenor, solicitó que se denegara la solicitud de reconsideración.

En respuesta, mediante *Resolución*, notificada el 1 de agosto de 2024, el tribunal *a quo* declaró *No Ha Lugar* la solicitud de reconsideración.[24]

En desacuerdo, el 3 de septiembre de 2024, compareció la parte apelante mediante un recurso de *Certiorari*, el cual acogimos como uno de *Apelación,*[25] y en el cual esgrimió la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al desestimar la *Reconvención* presentada por las comparecientes, por

---

[22] Apéndice del recurso, a las págs. 138-141.
[23] Véase anejo a la *Moción de desestimación de apelación*, presentado por la parte apelada el 13 de septiembre de 2024.
[24] Apéndice del recurso, a las págs. 142-143.
[25] Véase nuestra *Resolución* del 6 de septiembre de 2024.

alegadamente haberse presentado fuera de término, cuando las comparecientes la presentaron oportunamente el 28 de julio de 2022 junto a la *Contestación a Demanda* original y la reincorporaron por referencia en su *Contestación a la Primera Demanda Enmendada* y su *Contestación a la Segunda Demanda Enmendada.*

Recibido el recurso, mediante *Resolución,* emitida el 6 de septiembre de *2024,* dispusimos acoger el recurso presentado como una Apelación, por ser lo procedente en derecho.

Subsiguiente, el 13 de septiembre de 2024, la parte apelada presentó una primera *Moción de Desestimación,* a la cual se opuso la parte apelante. Evaluados los escritos, mediante *Resolución,* emitida el 16 de septiembre de 2024, denegamos la solicitud de desestimación.

Al día siguiente, la parte apelada presentó una segunda solicitud de desestimación, a la cual también se opuso la parte apelante. Conviene mencionar que ambas solicitudes de desestimación, aunque por fundamentos distintos, se basaron en alegadas deficiencias en el perfeccionamiento del recurso.

Examinadas las posturas de las partes, mediante *Sentencia,* emitida el 25 de septiembre de 2024, este Tribunal desestimó el recurso de *Apelación,* dictamen sobre el cual se solicitó la reconsideración, pero fue denegada.

En desacuerdo con el curso decisorio de este Tribunal, la parte apelante acudió al Alto Foro mediante un auto de *certiorari* en el recurso CC-2024-0707, el cual fue expedido. Conforme se desprende de la *Sentencia* emitida el 27 de junio de 2025, nuestro dictamen fue revocado y el recurso nos fue devuelto para atender el *Recurso de Apelación* en sus méritos.

Recibido el *Mandato,* el 4 de agosto de 2025, emitimos una *Resolución* mediante la cual le concedimos a la parte apelada hasta el 14 de agosto de 2025, para presentar su alegato en oposición.

El 14 de agosto 2025, compareció la parte apelada mediante su *Alegato en oposición.*

Con el beneficio de la comparecencia de ambas partes, procederemos a disponer del presente recurso.

II

**A. La Reconvención**

La Regla 5.1 de Procedimiento Civil aborda lo relativo a las alegaciones permitidas, entre ellas se encuentra la reconvención.[26] Particularmente, las Reglas 11.1 y 11.2, del referido cuerpo normativo, explican que existen dos (2) tipos de reconvenciones, la compulsoria y la permisible. La *primera* se refiere, a "cualquier reclamación que la parte que la formula tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, de la omisión o del evento que motivó la reclamación de la parte adversa [. . .].".[27] Mientras que, la s*egunda* es una "reclamación [contra la parte adversa] que no surja del acto, de la omisión o del evento que motivó la reclamación de dicha parte".[28] Respecto al alcance de la reconvención, la Regla 11.3 de Procedimiento Civil dispone que "[u]na reconvención puede disminuir o derrotar la reclamación de la parte adversa y también puede reclamar un remedio por cantidad mayor o de naturaleza diferente al solicitado en la alegación de la parte adversa".[29]

Es menester subrayar que, como regla general, cuando una parte tenga derecho a presentar una reconvención compulsoria, debe hacerlo al momento de contestar su demanda.[30] En otras palabras, si al presentar su alegación responsiva, la parte promovida omite incluir la reconvención se entenderá renunciada. Ahora bien, en aquellos casos en que una parte deje de formular una reconvención por descuido, inadvertencia o negligencia excusable se puede presentar una reconvención compulsoria a través de una

---

[26] 32 LPRA Ap. V, R. 5.1.
[27] 32 LPRA Ap. V, R. 11.1.
[28] *Íd.*, R. 11.2.
[29] *Íd.*, R. 11.3.
[30] *S.L.G. v. Mini-Warehouse,* 179 DPR 322, 333 (2010).

solicitud de enmienda a la alegación responsiva.[31] En la labor de determinar si se concede o no la enmienda a las alegaciones, dado a que nuestro ordenamiento jurídico existe una política pública a favor de que los casos de ventilen en sus méritos, los tribunales deben conceder tal permiso liberalmente.[32] Por otra parte, se permite, apartarse de la regla general, cuando la reconvención es con relación a una reclamación cuya exigibilidad advenga luego de que la parte haya notificado su contestación a la demanda.[33] En ese caso, la reconvención compulsoria puede presentarse a través de una alegación suplementaria.[34]

### B. La Desestimación al amparo de la Regla 39 de Procedimiento Civil

La desestimación es uno de los medios que el Tribunal tiene para dar por concluido un proceso sin dirimir los méritos de este. Específicamente, la Regla 39.2 de Procedimiento Civil rige el proceso de desestimación de las demandas presentadas en el Tribunal de Primera Instancia.[35] A su vez, en virtud de la Regla 39.3, sus disposiciones aplican a cualquier reconvención.[36] La aludida Regla 39.2 establece que, si una parte deja de cumplir con las Reglas de Procedimiento Civil o con cualquier orden del Tribunal, el juzgador puede, a iniciativa propia o por solicitud de parte, decretar la desestimación.[37] Precisa resaltar que una desestimación, bajo la referida regla, tiene el efecto de una adjudicación en los méritos, exceptuando lo que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable.[38]

No obstante, lo anterior, según ya hemos reseñado, en nuestro ordenamiento jurídico se ha desarrollado una política pública a

---

[31] *S.L.G. v. Mini-Warehouse*, supra, a la pág. 334.
[32] *Íd.*
[33] *Íd.*, a la pág. 333.
[34] *Íd.*
[35] 32 LPRA Ap. V, R. 39.2
[36] *Íd.*, R. 39.3
[37] *Íd.*, R. 39.2 (a)
[38] *Íd.*, R. 39.2 (c).

favor de que los casos se ventilen en los méritos.[39] A esos efectos, los tribunales deben optar por desestimar un pleito con perjuicio excepcionalmente.[40]

III

En su único señalamiento de error, la parte apelante nos invita a concluir que el foro de instancia se equivocó al determinar que procedía la desestimación de su reconvención.

Según hemos expuesto, en el presente caso, se presentó una acción civil la cual sufrió dos (2) enmiendas. Al ser contestadas, tanto la demanda original como las enmiendas a la referida demanda, la parte apelante incluyó una reconvención en el cuerpo de sus alegaciones responsivas.

En su demanda original, la parte apelada incluyó trece (13) alegaciones en su reconvención, la cual fue contestada por la parte apelante. Luego, en su *primera* demanda enmendada, incorporó las referidas alegaciones por referencia. No se desprende de los autos que la parte apelada hubiese contestado la reconvención en esta ocasión.

Posteriormente, el 18 de enero de 2024, la parte apelada presentó una *segunda* demanda enmendada, entonces, el 11 de junio de 2025, la parte apelante presentó su contestación a la cual le incluyó nuevamente una reconvención. En esta reconvención, reprodujo lo alegado en su reconvención anterior, entiéndase, incorporó por referencia el contenido de la reconvención incoada desde la contestación a la demanda original. En respuesta, la parte apelada presentó su contestación a la reconvención.

Recibido el aludido pliego, el tribunal *a quo*, mediante la *Sentencia Parcial* que nos ocupa, entendió que procedía la desestimación de la reconvención, por esta haberse presentado en

---

[39] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 264 (2021).
[40] *Íd.,* a la pág. 264; *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 864 (2005).

contravención a las disposiciones de las Reglas de Procedimiento Civil.

Distinto a lo concluido por el foro de instancia, la parte apelante plantea que no es correcto indicar que la reconvención fue presentada de forma tardía puesto a que, desde el año 2022, había presentado la referida alegación al contestar la demanda original y, luego, la incorporó al presentar su contestación a las dos (2) enmiendas realizadas a la referida demanda. Entonces, la cuestión a resolver es si el foro apelado falló al disponer que procedía desestimar la reconvención.

Conforme expusimos en nuestra previa exposición doctrinal, las Reglas de Procedimiento Civil definen una reconvención compulsoria, como la cual nos ocupa en el caso de marras, como una reclamación que se tenga contra la parte adversa, la cual surja de los mismos eventos y/o actos que propiciaron la acción civil.[41] Como regla general, las reconvenciones compulsorias deben presentarse al momento de contestar la demanda.[42] De lo contrario, se entenderán renunciadas.

Tras evaluar minuciosamente los autos ante nuestra consideración, coincidimos en que la parte apelante cumplió con la regla general aplicable a las reconvenciones. Ello, puesto a que, al contestar la demanda original, el 28 de julio de 2022, presentó su reconvención, tal como exigen las Reglas de Procedimiento Civil. Ergo, al contestar, tanto la *primera* como la *segunda* demanda enmendada, expresó claramente, en ambos escritos, que incorporaba por referencia la reconvención que obraba en la contestación a la demanda original. Conviene mencionar que el foro *a quo*, en su *Orden* del 14 de junio de 2024, manifestó estar enterado de que la reconvención que se presentó en la contestación a la

---

[41] 32 LPRA Ap. V, R. 11.1.
[42] *S.L.G. v. Mini-Warehouse*, supra, a la pág. 333.

*segunda* demanda enmendada era la misma que se incluyó en la Entrada Núm. 54 de SUMAC. En otras palabras, la presentada en la contestación a la demanda original. Es por lo anterior que, no estamos de acuerdo con el tribunal de instancia en cuanto a lo concluido en la *Sentencia Parcial* apelada, respecto a que la reconvención fue presentada el 11 de junio de 2024. Esto, ya que, sin ánimos de ser reiterativos, la reconvención que se incorporó en contestación a la *segunda* demanda enmendada, sin lugar a duda, es la misma que se presentó en la contestación a la demanda original.

En mérito de lo anterior, juzgamos que no había razón en derecho para que el tribunal de instancia desestimara la reconvención presentada por la parte apelante. Más aún, cuando en nuestro ordenamiento jurídico existe una política pública a favor de que los casos se ventilen en sus méritos, la cual obliga a los tribunales a ser cautelosos a la hora de desestimar un pleito con perjuicio,[43] y en base a la cual se proveen una serie de excepciones que permiten la presentación una reconvención compulsoria, luego de haberse presentado la contestación a la demanda.[44] Por consiguiente, colegimos que el juzgador de instancia incidió al desestimar la reconvención presentada por la parte aquí apelante. De modo que, el error esgrimido por la referida parte fue cometido.

Por todo lo antes expuesto, nos es forzoso revocar la *Sentencia Parcial* ante nuestra consideración, a los fines de que se sostenga la reconvención presentada, desde el 28 de julio de 2022, por la parte apelante.

IV

Por los fundamentos que anteceden, se *revoca* la *Sentencia Parcial* apelada a los efectos de que se sostenga la reconvención

---

[43] *VS PR, LLC v. Drift-Wind,* supra, a la pág. 264; *Banco Popular v. S.L.G. Negrón,* supra, a la pág. 864.
[44] *S.L.G. v. Mini-Warehouse,* supra, a las págs. 333 y 334.

presentada por la parte apelante. En consecuencia, se devuelve el caso al tribunal de instancia para la continuación de los procedimientos en armonía a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones